JAMES HAROLD GREEN V. STATE OF TEXAS

 NO. 07-00-0065-CR

 IN THE COURT OF APPEALS  

 

FOR THE SEVENTH DISTRICT OF TEXAS  

 

AT AMARILLO  

 

 PANEL B  

 

OCTOBER 18, 2000  

______________________________  

 

JAMES HAROLD GREEN,  

 

                 Appellant 

 

v.  

 

STATE OF TEXAS,  

 

                 Appellee 

 _________________________________  

 

 FROM THE 194TH DISTRICT COURT OF DALLAS  COUNTY;  

 

NO. F98-31564-HM; HON. HAROLD ENTZ, PRESIDING    _______________________________  

 

Before BOYD, C.J., and QUINN and JOHNSON, JJ. 

On February 25, 1999, appellant, James Harold Green, entered an open plea of guilty to the offense of aggravated sexual assault of a child.  The trial court deferred further proceedings and placed him on three years deferred adjudication probation.  Subsequently, appellant’s probation was revoked after he pled true to various of the grounds upon which the State founded its motion to adjudicate his guilt.   This appeal was then perfected. 

On appeal, appellant’s appointed counsel filed an 
Anders
(footnote: 1) brief and represented therein that he had diligently reviewed the record and found no reversible error.  Appellant’s counsel asked permission to withdraw after serving appellant with a copy of the brief and informing him of his right to
 review the record and to file a pro se brief
.  Upon receipt of appellate counsel’s brief and motion, and upon granting appellant’s first motion to extend the time for filing his brief, we directed appellant, via a letter dated August 9, 2000, to file a pro
 
se brief no later than September 8, 2000.  Thereafter, appellant filed and received two additional extensions, the latter of which resulted in his brief falling due on October 11, 2000.  On October 12, 2000, appellant filed his fourth motion to extend the time to file his brief.  We advised him by letter dated the same day that his motion was denied.  To date, appellant has not filed a brief. 

In his 
Anders 
brief, appellant’s counsel explained why he concluded that no arguable basis for appeal existed.  He considered such things as the voluntariness of appellant’s appeal, the validity of the indictment and sentence, the existence of evidence supporting the finding of guilt, the provision of statutory admonishments, and the performance of counsel.  So too did he correctly recognize that there is no review from the determination to adjudicate guilt.  
See 
Tex. Code Crim. Proc. § 42.12(5)(
b) (Vernon Supp. 2000).

Next, we have conducted our own independent review of the record to assess the accuracy of counsel’s representation.  
See Stafford v. State
, 813 S.W. 2d 503 (Tex. Crim. 

App. 1991) (requiring same).  Upon doing so, we, too, are unable to find any arguable error.  Accordingly, the motion to withdraw is granted and the judgment is affirmed. 

 

 Brian Quinn 

    Justice 

 

 Do not publish.  

FOOTNOTES
1:
Anders v. California
, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).